

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed July 10, 2006                                          **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MATTHEW JOHN LAYTON, | § | |
| | § | |
| Debtor. | § | CASE NO. 05-93346-DML-7 |
| | § | |
| CATALYST PARTNERS, INC., | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | ADV. NO. 06-4133 |
| | § | |
| MATTHEW JOHN LAYTON, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION**

Before the court is Defendant's Motion to Dismiss and for Judgment, and Motion for More Definite Statement, Under Bankruptcy Rule 7012(b) (the "Motion to Dismiss") filed by Matthew John Layton ("Debtor"). Catalyst Partners, Inc. ("Catalyst"), filed an objection to the Motion to Dismiss as well as a brief in support thereof. The court heard oral argument on the Motion to Dismiss and Catalyst's objection on June 26, 2006. The court exercises core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(2)(I). This memorandum embodies the court's findings of fact and conclusions of law. FED. R. BANKR. P. 7052.

### I. Background

Catalyst is a company involved in the development, design and marketing of technologies related to chemical products. Debtor worked for Catalyst as a lab technician until January 2004. Because of the nature of his job, Debtor had access to and knowledge of certain of Catalyst's trade secrets and other confidential information. For this reason, Catalyst required Debtor to enter into a Non-Disclosure, Non-Competition, and Non-Circumvention Agreement (the "Agreement") as a condition of his employment. Despite entering into the Agreement, Debtor created a several new business entities involved in the same type of business as Catalyst and, Catalyst alleges, divulged Catalyst's trade secrets to one of the company's competitors.

As a result of Debtor's alleged breach of the Agreement, Catalyst filed suit against Debtor in state court. Subsequently, on October 13, 2005, Debtor filed his petition seeking relief under chapter 7 of the Bankruptcy Code (the "Code").[1] This effectively stayed the state court litigation pursuant to Code § 362(a)(1). On April 20, 2006, Catalyst filed its complaint commencing this adversary proceeding whereby it seeks, *inter alia*, to have any amounts Debtor owed to Catalyst as a result of his breach of the Agreement declared nondischargeable under section 523(a)(2)(A).[2] Debtor filed the Motion to Dismiss on May 22, 2006.[3]

### II. Standard for Granting the Motion to Dismiss

---

[1] 11 U.S.C. §§ 101, *et seq*.

[2] In addition to its claim under section 523(a)(2)(A), Catalyst also seeks in its complaint: (I) to have Debtor's liability to Catalyst declared nondischargeable pursuant to section 523(a)(6) and (II) to prevent Debtor from receiving his discharge pursuant to section 727(a)(4)(A).

[3] The Motion to Dismiss addresses only the nondischargeability claims under sections 523(a)(2)(A) and 523(a)(6). It does not address the section 727(a)(4)(A) claim. At the June 26 hearing, the court denied the Motion to Dismiss with respect to the section 523(a)(6) claim.

A motion to dismiss under FED. R. CIV. P. 12(b)(6) (made applicable herein by FED. R. BANKR. P. 7012(b)) should only be granted when "it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1st ed. 1969)). "'In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges the plaintiff's rights to relief based upon those facts.'" *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir.1992)). Dismissal under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey*, 117 F.3d at 247 (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

### III. Issue

The issue posed is straightforward: taking all facts alleged therein as true, does the complaint provide any basis for declaring any amounts owed by Debtor to Catalyst nondischargeable under section 523(a)(2)(A)?

### IV. Discussion

Section 523(a)(2)(A) reads:

(a) A discharge under section 727…of this title does not discharge an individual debtor from any debt—

>     …
>     (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>         (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

In accordance with Supreme Court precedent, the court will apply the plain meaning rule in construing provisions of the Code: if the statute is clear and unambiguous, absent an absurd result, it must be applied as written. *See Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) ("It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'") (quoting *Hartford Underwriters Ins. Co.* v. *Union Planters Bank, N. A.*, 530 U.S. 1, 6 (2000) (in turn quoting *United States* v. *Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989) (in turn quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)))); *see also Toib v. Radloff*, 501 U.S. 157, 166 (1991) (rejecting an implicit "ongoing business" requirement for chapter 11 debtors because it was inconsistent with the plain meaning of section 109 the Code despite the fact that the structure and legislative history of the statute suggested such a requirement). The Fifth Circuit has specifically applied the plain meaning rule in its construction of section 523(a)(2)(A). *See Tummel & Carroll v. Quinlivan (In re Quinlivan)*, 434 F.3d 314, 318 (5th Cir. 2005); *Deodati v. M.M. Winkler & Assocs. (In re M.M. Winkler and Assocs.)*, 239 F.3d 746, 751 (5th Cir. 2001).

Applying the plain language of section 523(a)(2)(A) to the facts alleged in the complaint, it is clear Catalyst has not provided any basis for declaring Debtor's liability to it nondischargeable. The language of the Code is clear: a debt will only be excepted from discharge under section 523(a)(2)(A) if it is for money, property, services or an

extension of credit "*obtained by*" false pretenses, a false representation, or actual fraud. Code § 523(a)(2)(A) (emphasis added). Thus, for a debt to fall within the ambit of section 523(a)(2)(A), money, property or services must actually have been obtained by false pretenses or representations or by means of an actual fraud. *See* 4 COLLIER ON BANKRUPTCY ¶ 523.08[1][a] (15th rev'd 2006); *Field v. Mans*, 516 U.S. 59, 78 (1995) (Ginsburg, J. concurring); *see also AT & T Universal Card Servs. v. Mercer (In re Mercer)*, 211 F.3d 214, 219 (5th Cir. 2000) (Dennis, J. concurring) (in order for a creditor to prevail in an action under section 523(a)(2)(A), a creditor must show a "causal link between the representation and the debtor's obtainment of property"); *but see Lee-Benner by & Through Mills v. Gergely (In re Gergely),* 110 F.3d 1448 (9th Cir. 1997).[4] Nowhere in its complaint does Catalyst demonstrate that it is owed a debt that arose because Debtor obtained money, property, services, or credit by false pretenses, a false representation, or actual fraud. The complaint alleges only that Debtor violated the Agreement by improperly using and disclosing Catalyst's trade secrets. Any liability Debtor has toward Catalyst is only, at most, collaterally related to any alleged fraud or

---

[4] In *Gergely*, the debtor was a physician, who had negligently performed a procedure known as amniocentesis on one of his patients. As a result of the procedure, the patient's child was born blind in one eye. The child sought to have the debtor's liability for malpractice declared nondischargeable under section 523(a)(2)(A) on the grounds that the debtor had allegedly misrepresented the necessity of the procedure. The Ninth Circuit, dismissing the debtor's argument that his liability for malpractice did not fall under section 523(a)(2)(A) because it was for damages resulting collaterally from fraud and not for money obtained by fraud, held that the child's allegation that he had sustained damages from a negligently-performed procedure as a result of the debtor's fraud was enough to sustain a nondischargeability action under section 523(a)(2)(A).

With all due respect to the Ninth Circuit, this court cannot adopt its holding in *Gergely* (which antedated *Lamie*) because it is inconsistent with both the principle that exceptions to dischargeability should be construed in the debtor's favor (*see* California Franchise Tax Bd. v. Jackson (*In re* Jackson), 184 F.3d 1046, 1051 (9th Cir. 1999) (citing Matter of Kasler , 611 F.2d 308, 310 (9th Cir. 1979) (in turn citing Gleason v. Thaw, 236 U.S. 558, 562 (1915)))) and, more importantly, the Supreme Court's mandate to interpret the Code in accordance with its plain meaning (*see, e.g.,* Lamie, 540 U.S. at 534). The Ninth Circuit's interpretation of section 523(a)(2)(A) in *Gergely* essentially reads the "obtained by" language out of the statute and replaces it instead with "arising from."

false representation on Debtor's part. Catalyst has thus not alleged a set of facts on which relief can be granted under section 523(a)(2)(A).

## V. Conclusion

For the foregoing reasons, the Motion to Dismiss is GRANTED with respect to Catalyst's section 523(a)(2)(A) claim. Debtor is directed to submit a partial judgment consistent with this opinion.